IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                         PLAINTIFF/RESPONDENT

v.                       CRIMINAL NO. 99-50038

GABINO SOLTERO-CORONA                            DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On April 2, 2012, the Defendant/Movant Gabino Soltero-Corona (hereinafter "Defendant") filed a *pro se* "numerically second" 28 U.S.C. § 2255 motion. (Doc. 79). The Government filed a Response on April 6, 2012. (Doc. 81). Defendant filed a Reply on June 4, 2012. (Doc. 82). The matter is before the undersigned for issuance of a Report and Recommendation and is now ripe for consideration.

**I.   Background**

On January 14, 2000, Defendant pled guilty to possession with intent to distribute methamphetamine. (Doc. 21). On June 29, 2000, Defendant was sentenced to 292 months imprisonment, 5 years supervised release, a $5000.00 fine, and a $100 special assessment. (Doc. 35). A timely notice of appeal was filed and the Judgment was affirmed on August 27, 2001. (Doc. 48).

On September 13, 2004, Defendant filed a 28 U.S.C. § 2255 motion (Doc. 55), which was denied on December 21, 2004. (Doc. 61). A timely notice of appeal was filed (Doc. 63),

and on June 27, 2005, the United States Court of Appeals for the Eighth Circuit denied the certificate of appealability and dismissed the Defendant's appeal. (Doc. 75).

On April 2, 2012, Defendant filed a second 28 U.S.C. § 2255 motion alleging: (1) he is eligible for the Fast-Track Program; and 2) he is actually innocent of a prior state drug offense within the federal definition of a prior state drug offense.

**II.     Discussion:**

A "second or successive" §2255 motion may not be filed absent certification by the Eighth Circuit, authorizing the district court to consider the successive motion. See 28 U.S.C. §2244(b)(3)(a).

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Eighth Circuit has indicated that when, as in this case, a second § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction. See Boykin v. United States, 2000 WL 1610732 at *1 (8th Cir.2000). The certification rule is absolute and prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court.

-2-

Defendant's second § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255, and therefore it is subject to dismissal for lack of jurisdiction.

### III. Conclusion

Based upon the forgoing, the undersigned recommends that the instant motion, filed under 28 U.S.C. Section 2255, be dismissed with prejudice.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 3rd day of May, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)