```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
               FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                   PLAINTIFF/RESPONDENT

       v.             No. 5:99-cr-50038

GABINO SOLTERO-CORONA                         DEFENDANT/MOVANT
```

## O R D E R

Now on this 22nd day of May 2013, comes on for consideration the **Magistrate Judge's Report and Recommendation** (document #83) and defendant's objections thereto. The Court, being well and sufficiently advised, finds and orders as follows:

   1.   Defendant Gabino Soltero-Corona pled guilty to possession of methamphetamine with intent to distribute, and on June 29, 2000, the Court sentenced him to serve 292 months' imprisonment, followed by five years' supervised release, and to pay a $5,000 fine and $100 special assessment. Defendant appealed, and the Eighth Circuit Court of Appeals affirmed the Judgment on August 27, 2001.

   2.   On September 13, 2004, defendant filed a motion to vacate under 28 U.S.C. § 2255, which was denied on December 21, 2004.

   3.   Defendant filed a second § 2255 motion on April 2, 2012, alleging

   *   that he is eligible for a reduction of his sentence under the fast-track program; and

\*     that he is actually innocent of a prior state drug offense within the federal definition of a prior state drug offense.

Defendant contends that, although he previously filed a § 2255 motion in this case, the present motion is not "second or successive" because it raises claims that could not have been raised in the first motion.

4.    Pursuant to 28 U.S.C. § 2244(b)(3)(A) and § 2255(h), a "second or successive" § 2255 motion may not be filed absent authorization from the appropriate court of appeals. However, where a claimant could not have raised a particular claim in his first § 2255 motion because the claim had not yet arisen, he is allowed to file a second § 2255 motion without first obtaining authorization. **Williams v. Hobbs, 658 F.3d 842, 853 (8th Cir. 2011).**

5.    For his first point, defendant argues that he would have been eligible for a sentence reduction based on the fast-track program, if the program -- which was implemented in the Western District of Arkansas on March 1, 2012 -- had been available at the time he was indicted.

The fast-track program is an internal Department of Justice policy that allows for early disposition, in the discretion of the U.S. Attorney, for certain defendants who have committed particular crimes. **See Memorandum for All U.S. Attorneys (Jan. 31,**

**2012),** <http://www.justice.gov/dag/fast-track-program.pdf>.  The policy does not create any substantive or procedural rights enforceable at law by any party. **Id.**

Thus, the implementation of the fast-track program did not give rise to a claim that would exempt defendant from the authorization requirements of § 2244(b)(3)(A) and § 2255(h).

6.  Defendant next argues that the U.S. Supreme Court's decision in **Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010),** changed the definition of what constitutes a prior state felony drug offense for sentencing purposes, and that none of defendant's prior state offenses now meet that definition.

Whether the decision in Carachuri-Rosendo gives rise to a new claim in this case depends on whether its holding is retroactively applicable to cases on collateral review. Because the Eighth Circuit has yet to determine whether to apply Carachuri-Rosendo retroactively,[1] this issue might be debatable among reasonable jurists.

However, in this particular case, defendant is time-barred from raising the issue. **Section 2255(f)** imposes a one-year period of limitation on the filing of this type of motion, which --in this case -- would run from the date on which the right asserted was initially recognized by the Supreme Court. Carachuri-Rosendo

---

[1] Although defendant suggests that the Eighth Circuit's decision in **United States v. Haltiwanger, 637 F.3d 881 (8th Cir. 2011),** made this argument available, that opinion did not address whether Carachuri-Rosendo can be applied retroactively.

was decided on June 14, 2010, which would allow defendant through June 14, 2011, to file a motion based on its holding (assuming that the holding was retroactively applicable). Defendant did not file this motion until April 2, 2012. Because defendant's argument -- even if it has merit -- is untimely, the Court will decline to issue a certificate of appealability on the question of whether Carachuri-Rosendo applies retroactively to cases on collateral review.

7.   For the reasons stated in the Report and Recommendation and further explained herein, defendant's second § 2255 motion will be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report and Recommendation** (document #83) is hereby **adopted as modified**, and defendant's objections are **overruled.**

**IT IS FURTHER ORDERED** that **Petitioner's Numerically Second § 2255 Motion to Vacate, Set Aside, or Correct Sentence** (document #79) is hereby **dismissed with prejudice**, and his request for a certificate of appealability is **denied.**

**IT IS SO ORDERED.**

   /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT COURT**

-4-