IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA            PLAINTIFF/RESPONDENT

v.            CRIMINAL NO. 99-50038

GABINO SOLTERO-CORONA            DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 21, 2016, the Defendant/Movant Gabino Soltero-Corona (hereinafter "Defendant") filed a *pro se* **"Motion for Resentencing Pursuant [to] Johnson v. U.S." (Doc. 97)**. The motion was docketed as a 28 U.S.C. § 2255 motion. This is the Defendant's third § 2255 motion. The Defendant was sentenced as a career offender under U.S.S.G. 4B1.1. In the current motion, Defendant argues that he should be resentenced under Johnson v. United States, 135 S. Ct. 2551 (2015).[1]

A "second or successive" §2255 motion may not be filed absent certification by the Eighth Circuit, authorizing the district court to consider the successive motion. See 28 U.S.C. §2244(b)(3)(a).

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that

---

[1] Defendant's § 2255 motion also included a request for appointment of counsel. The undersigned granted this request and appointed counsel to review Defendant's case to determine if he had a viable claim under Johnson (Doc. 100). Counsel was granted leave to withdraw by a text only order entered on this date, as counsel represented that he reviewed Defendant's case and did not believe he could make a good-faith argument that Defendant was entitled to relief under Johnson (Doc. 102).

no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Eighth Circuit has indicated that when, as in this case, a successive § 2255 motion is filed in the district court without prior compliance with the certification requirement, the motion should be dismissed for lack of jurisdiction. See Boykin v. United States, 2000 WL 1610732 at *1 (8th Cir.2000). The certification rule is absolute and prisoners may not evade the statutory requirement by simply filing a second or successive § 2255 motion in the district court. Defendant's successive § 2255 motion has not been certified by the Eighth Circuit Court of Appeals as required by 28 U.S.C. § 2255, and therefore it is subject to dismissal for lack of jurisdiction. The undersigned notes that the Eighth Circuit has recently denied authorization to file a successive motion that sought to extend the application of Johnson to the Sentencing Guidelines. See Donnell v. United States, 826 F.3d 1014 (8th Cir. 2016).

Based upon the forgoing, the undersigned recommends that Defendant's **Motion (Doc. 97)** be **DISMISSED** for lack of jurisdiction.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's motion,

AO72A
(Rev. 8/82)

the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 6th day of September, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)