IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                   PLAINTIFF/RESPONDENT

v.                            CRIMINAL NO. 99-50038

GABINO SOLTERO-CORONA                                      DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Defendant's pro se **Motion to Reduce Sentence (Doc. 106)**. On June 29, 2000, Defendant was sentenced to 292 months imprisonment, 5 years supervised release and a $5,000.00 fine after pleading guilty to possession with intent to distribute methamphetamine. (Docs. 22, 35.) In the motion currently before the Court, the Defendant requests a reduction in his sentence for good time credit under the First Step Act.

Section 102(b)(1) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year. The Act also directed the Bureau of Prisons ("BOP") to calculate good-time credit from the beginning of each year rather than the end.

A request for recalculation of good-time credit must be made, in the first instance, through the BOP. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of the BOP's determination by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

AO72A
(Rev. 8/82)

Further, under § 102(b)(2) of the Act, the good-time credit change will not take effect until the "Attorney General completes and releases the risk and needs assessment system," which is anticipated to occur in July 2019. Until that time, the BOP lacks authority to exceed the 47 days of good-time credit allowable under effective law. See Matthews v. Williams, No. 4:19CV518, 2019 WL 1639776, *2 (N.D. Ohio Apr. 16, 2019); see also Christopher v. Wilson, No. 4:19-cv-214-0, 2019 WL 1745968, *1-2 (N.D. Tex. Apr. 18, 2019); Schmutzler v. Quintana, No. 5:19-046-DCR, 2019 WL 727794, *1-2 (E.D. Ky. Feb. 20, 2019) .

Accordingly, the undersigned recommends **DENYING** Defendant's **Motion to Reduce Sentence (Doc. 106)**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 21ST day of April 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)